IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEREMY KEE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>R-G CROWN BANK, et al.,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO MODIFY SUBPOENAS<br><br>Case No. 2:06-cv-00602-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

　　　　This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A). Before the court is Jeremy Kee's ("Plaintiff") motion to modify subpoenas issued by R-G Crown Bank ("Crown Bank").[1] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument would not be helpful or necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

　　　　Several months ago, Crown Bank served Plaintiff with its Second Set of Requests for Production of Documents and Things. Included in those discovery requests was a request that Plaintiff "[p]roduce any and all documents related to checks written to Crown Bank, including copies of checks and evidence that such check[s] cleared." In response, Plaintiff indicated that he does not possess any documents that would satisfy that request. However, Plaintiff also

---

[1] *See* docket no. 55.

indicated that he banked with Key Bank from the time Crown Bank took over his loan until mid-2004 and has banked with America First Credit Union from mid-2004 to the present.

Apparently in response to this information, Crown Bank served two subpoenas, one on Key Bank and the other on America First Credit Union (collectively, the "Subpoenas"). The Subpoenas seek the following information: "For the period of October 2001 to the present, any and all documents reflecting, regarding, concerning, or pertaining to bank records, statements, checks, deposit slips, draws, wire transfers, records, or other documents evidencing, referring[,] or relating to financial transactions for" any and all accounts held in Plaintiff's name or upon which he is or was a signatory.

Plaintiff objects to the scope of the Subpoenas, arguing that they are too broad and, therefore, that the court should modify them so that they request only documents and information pertaining to checks Plaintiff has written to Crown Bank. Crown Bank, on the other hand, asserts that the broad nature of discovery under the federal rules supports production of the documents and information requested by the Subpoenas.

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp.*, 50

F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Although the scope of discovery under the federal rules is broad, however, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses." *Richards v. Convergys Corp.*, No. 2:05-CV-00790-DAK, 2007 U.S. Dist. LEXIS 9131, at *10 (D. Utah Feb. 6, 2007) (mem.); *see also Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). Finally, the Advisory Committee Notes for the 2000 amendment to rule 26(b)(1) direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery. Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment, Subdivision (b)(1).

After considering the Subpoenas in light of these principles, the court has determined that they are overly broad. Although Plaintiff's complaint puts his financial position at issue in this case, it does so only for the point in time when he got the loan in question, which was approximately October 2001. Rather than seeking information for October 2001 or a reasonable period of time before and after October 2001, the Subpoenas seek information from October 2001 to the present. Further, they do not simply seek information about Plaintiff's financial position (e.g., balance information), but instead seek to discover information about every transaction that has occurred in Plaintiff's bank accounts since October 2001. In sum, the Subpoenas appear to constitute the type of fishing expedition that is prohibited in discovery under the federal rules. *See Munoz*, 221 F.3d at 1169*; Richards*, 2007 U.S. Dist. LEXIS 9131, at *10. Because the court is unwilling to provide Crown Bank with the type of carte blanche access

to Plaintiff's bank accounts sought by the Subpoenas, it will modify the Subpoenas as proposed by Plaintiff.

In so ruling, however, the court has not determined that the limitation proposed by Plaintiff constitutes the outer limit of discoverable information relating to Plaintiff's bank accounts. Given the broad scope of the Subpoenas, and the fact that Plaintiff's claims do put his financial condition at issue in this case, the court has determined that Crown Bank is also entitled to discovery of the monthly balance information for Plaintiff's bank accounts.

Accordingly, Plaintiff's motion to modify the Subpoenas is **GRANTED IN PART AND DENIED IN PART**. The Subpoenas are hereby limited to seeking only the following information from any and all accounts held in Plaintiff's name or upon which he is or was a signatory: (1) any and all documents relating to checks written to Crown Bank and (2) monthly balance information from October 2001 to the present.

**IT IS SO ORDERED**.

DATED this 17th day of August, 2007.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge