IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEREMY KEE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FIFTH THIRD BANK,<br><br>　　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:06-cv-00602-DAK-PMW<br><br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

Before the court are Barry N. Johnson, Daniel K. Brough, and the law firm of Bennett Tueller Johnson & Deere's (collectively, "BTJD") (1) motion to withdraw as counsel of record for Jeremy Kee ("Plaintiff") and (2) motion to amend the scheduling order.[1] BTJD has requested expedited resolution of the above-referenced motions.[2] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument on these matters would not be helpful or necessary. *See* DUCivR 7-1(f).

**I.  Motion to Withdraw**

For the reasons set forth in BTJD's supporting memorandum,[3] the court has concluded that BTJD has demonstrated good cause in support of the motion to withdraw as counsel of

---

[1] *See* docket no. 73.

[2] *See* docket no. 76.

[3] *See* docket no. 74.

record for Plaintiff.  *See* DUCivR 83-1.4(a)(3)(iii) ("No attorney of record will be permitted to withdraw after an action has been set for trial unless . . . the court is otherwise satisfied for good cause shown that the attorney should be permitted to withdraw.").  In addition to establishing good cause in support of withdrawal, BTJD also satisfied the requirements for withdrawing without Plaintiff's consent by certifying that Plaintiff "has been notified in writing of the status of the case including the dates and times of any scheduled court proceedings, pending compliance with any existing court orders, and the possibility of sanctions." DUCivR 83-1.4(a)(2).

BTJD has established all of the necessary requirements for withdrawal under rule 83-1.4(a).  *See* DUCivR 83-1.4(a)(2), (a)(3)(iii).  Accordingly, BTJD's motion to withdraw as counsel of record for Plaintiff[4] is **GRANTED**.

Because the court has permitted BTJD to withdraw, certain responsibilities are now imposed upon Plaintiff.  Those responsibilities are set forth in rule 83-1.4(b), which provides:

> Whenever an attorney withdraws or dies, is removed or suspended, or for any other reason ceases to act as attorney of record, the party represented by such attorney must notify the clerk of the appointment of another attorney or of his decision to appear pro se within twenty (20) days or before any further court proceedings are conducted.

DUCivR 83-1.4(b).  Accordingly,

**IT IS HEREBY ORDERED** that BTJD shall be responsible for notifying Plaintiff of his obligations under rule 83-1.4(b).

---

[4] *See* docket no. 73.

**IT IS FURTHER ORDERED** that Plaintiff shall, within twenty (20) days of the date of this order, file a notice with the court naming his new counsel or, alternatively, indicating his decision to appear pro se.  *See* DUCivR 83-1.4(b).  If Plaintiff chooses to retain counsel, rather than appear pro se, said counsel shall promptly file a formal notice of appearance in this case.

## II.  Motion to Amend Scheduling Order

In light of the court's decision to permit BTJD to withdraw, as well as the twenty-day period provided to Plaintiff to file his notice under rule 83-1.4(b), the court has determined that good cause exists for amending the existing scheduling order.  *See* Fed. R. Civ. P. 16(b)(4).  Accordingly, BTJD's motion to amend the scheduling order[5] is **GRANTED**.  All of the deadlines set forth in the court's trial order,[6] as well as the two-day jury trial set to begin on February 25, 2008, are hereby **VACATED**.  Once Plaintiff files the notice required under rule 83-1.4(b), either Plaintiff or his new counsel shall attempt to stipulate to an amended scheduling order with opposing counsel.  If attempts to stipulate are unsuccessful, either party may request a scheduling conference with the court by way of an appropriate motion.

---

[5]  *See* docket no. 73.

[6]  *See* docket no. 70.

### III.  Motion for Expedited Resolution

The court's rulings on the underlying motions have rendered BTJD's motion for expedited resolution[7] **MOOT**.

**IT IS SO ORDERED**.

DATED this 17th day of January, 2008.

> BY THE COURT:
>
> _____
> DALE A. KIMBALL
> United States District Judge

---

[7] *See* docket no. 76.