IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEREMY KEE,<br><br>    Plaintiff,<br><br>vs.<br><br>FIFTH THIRD BANK, et. al,<br><br><br>    Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br><br>Case No. 2:06-CV-00602-CW<br><br>Judge Clark Waddoups |

Plaintiff's Motion for Preliminary Injunction came on for hearing before the Honorable Clark Waddoups at 2:30 p.m. on October 30, 2008. Brian W. Steffensen appeared on behalf of Plaintiff Jeremy Lee. Mona L. Burton and Darren G. Reid appeared on behalf of Fifth Third Bank. The Court reviewed the memoranda related to the motion, as well as other pleadings and memoranda on record with the Court. After due consideration of the documents and oral arguments made by counsel, the Court ruled from the bench that Plaintiff's motion is DENIED. The reasons for this ruling are hereby set forth in this Memorandum Decision and Order as follows:

## BACKGROUND

Jeremy Kee ("Kee") moves to enjoin the defendant Fifth Third Bank from proceeding with a Trustee's sale of real property noticed for October 31, 2008. In October 2001, Kee executed a Note in favor of Matrix Financial Services Corporation ("Matrix") secured by a Deed of Trust on the real property at issue (the "Property"). In September 2002, Fifth Third Bank's predecessor-in-interest, R-G Crown Bank, FSB ("Crown") acquired rights to service the loan, and subsequently was assigned the Trust Deed as well.

In April 2006, Kee stopped making payments on the loan due to disputes he had with Crown, which are the subject of the pending litigation. In June 2008, a notice of default was recorded, and on October 1, 2008, a notice was published of a Trustee's Sale to be held on October 31, 2008. Kee moved for a preliminary injunction on October 28, 2008, seeking to enjoin the sale until such time that the Court rules on pending motions for partial summary judgment and the validity of the underlying Note and Trust Deed is resolved. Kee offered no evidence in support of his motion, relying upon the submissions filed in support of his motion for partial summary judgment.

In support of his summary judgment motion, Kee argues that the Note and Trust Deed are void and unenforceable because Matrix was not properly authorized to originate loans in Utah at the time it made the loan and thus, the Trustee sale cannot proceed.

In his Amended Complaint filed in April 2007, Kee alleged, "At the time Matrix originated Kee's loan, Matrix was not properly licensed in the State of Utah and therefore not authorized to originate loans within the State of Utah." Amended Complaint, ¶ 8 (Apr. 10, 2008). Kee further asserted he was entitled to damages arising from Matrix's improper origination of the loan. Id. ¶¶

58, 60.

Matrix did not answer or otherwise respond to Kee's Amended Complaint, but in August 2007, Kee, Matrix, and Crown stipulated "to dismiss with prejudice all of the claims asserted by Kee against Matrix in this action." Stipulated Mot. to Dismiss Claims Against Matrix Fin. Srvs. Corp. (Aug. 27, 2007). The Court granted the motion and entered an order dismissing with prejudice all claims against Matrix, but stated that the Order has "no bearing" on claims asserted against Kee by Crown. Order Dismissing Claims Against Matrix Fin. Srvs. Corp. (Aug. 31, 2007).

## ANALYSIS

A "preliminary injunction is an extraordinary remedy." Wilderness Workshop v. U.S. Bureau of Land Mgmt., 531 F.3d 1220, 1224 (10th Cir. 2008). Thus, a party's "right to relief must be clear and unequivocal." Id. Moreover, the movant bears the burden of proving a preliminary injunction should issue. Specifically, the movant "must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Id.

When a claim is dismissed with prejudice, it "constitutes a final adjudication on the merits with preclusive effect in federal court." Ostler v. Rocky Anderson, 200 Fed. Appx. 750, at * 8 (10th Cir. 2006). Kee agreed to dismiss with prejudice all of his claims against Matrix. Kee asserted claims against Matrix that it was not authorized under Utah law to originate loans. Consequently, the issue of Matrix's licensure has been finally adjudicated, and any attempt to re-litigate that issue is barred by the dismissal of the claims against Matrix with prejudice. Indeed, counsel for Kee

acknowledged at oral argument that Kee cannot assert claims against Matrix. In light of this bar, Kee is unable to meet his burden of showing a substantial likelihood of success on the merits that the Note and Trust Deed are void because of Matrix's failure to obtain licensure.[1]

Even if Kee could overcome his burden of showing his claim of invalidity is not barred, Kee failed to present sufficient evidence to show that Matrix failed to obtain a license in Utah or was otherwise not exempt from that requirement. Absent this evidence, Kee cannot prove his claim of invalidity. Kee had the burden of showing with clear and unequivocal evidence that the preliminary injunction should issue. Kee failed to meet this burden. On the present record, Kee is not entitled to a preliminary injunction.

## ORDER

For the reasons set forth above, as well as those set forth in the record, Lee's Motion for Preliminary Injunction is DENIED.

IT IS SO ORDERED this 31st day of October, 2008.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[1] The Court makes no findings regarding the merits of Kee's other claims against Defendants.