# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JEREMY KEE,<br><br>Plaintiff,<br><br>v.<br><br>FIFTH THIRD BANK, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:06-cv-602-CW-PMW<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On July 21, 2010, this court held a hearing related to contempt proceedings against Jeremy Kee ("Plaintiff").

## RELEVANT BACKGROUND

In a memorandum decision and order dated March 18, 2009, Judge Waddoups granted Fifth Third Bank's ("Bank") request for injunctive relief against Plaintiff.[2] In reaching that ruling, Judge Waddoups determined that Plaintiff's filing of multiple lawsuits against the Bank, all of which stemmed from his initial dispute with the Bank, "constitute[d] an abuse of the court system."[3] Judge Waddoups enjoined Plaintiff "from filing additional suits against the Bank and its employees, agents, and counsel . . . for all causes of action that were or could have been

---

[1] *See* docket no. 192.

[2] *See* docket no. 149.

[3] *Id*. at 31.

included in this lawsuit or one of the other five lawsuits."[4] Judge Waddoups also indicated that if Plaintiff "believe[d] that actions taken by the Bank, or its employees, agents, or counsel after October 30, 2008[,] have violated the law, [Plaintiff] is not enjoined from bringing suit for such new causes of action."[5] However, Judge Waddoups cautioned Plaintiff "not to abuse this right."[6]

On August 20, 2009, Judge Waddoups held a scheduling conference and set a one-day bench trial for October 16, 2009.[7] Plaintiff failed to appear for the bench trial.[8] Consequently, the Bank made an oral motion to have judgment granted in its favor on Plaintiff's sole remaining claim.[9] The Bank's counsel also indicated that Plaintiff had filed three new small claims actions against the Bank in violation of the March 18, 2009 order.[10] Accordingly, the Bank requested that the court issue an order to show cause why Plaintiff should not be held in contempt.[11] Judge Waddoups granted the Bank's motion for judgment in its favor, as well as its request for an order to show cause.[12] On November 16, 2009, Judge Waddoups issued a written order granting

---

[4] *Id*.

[5] *Id*.

[6] *Id*.

[7] *See* docket no. 158.

[8] *See* docket no. 168.

[9] *See id*.

[10] *See id*.

[11] *See id*.

[12] *See id*.

judgment in favor of the Bank on Plaintiff's sole remaining claim, ordering Plaintiff to show cause why he should not be held in contempt, and setting a hearing on the order to show cause for December 3, 2009.[13] That same day, the Bank filed a memorandum and a declaration in support of its claim that Plaintiff had filed three new small claims actions against the Bank in violation of the March 18, 2009 order.[14]

On December 3, 2009, Judge Waddoups held the scheduled hearing on the order to show cause.[15] Plaintiff failed to appear at the hearing.[16] Consequently, the Bank requested that the court issue a bench warrant.[17] Judge Waddoups granted that request and issued a bench warrant for Plaintiff's arrest.[18]

On July 19, 2010, Plaintiff's counsel communicated to the court that Plaintiff had been incarcerated in the Northern District of California on the bench warrant issued by Judge Waddoups.[19] Plaintiff had been released on bond, but was ordered to appear before Judge

---

[13] *See* docket no. 171.

[14] *See* docket nos. 172, 173.

[15] *See* docket no. 178.

[16] *See id*.

[17] *See id*.

[18] *See id*.; docket no. 179.

[19] *See* docket no. 185.

Waddoups on July 20, 2010.[20] Because Judge Waddoups was unavailable to conduct that hearing, the matter was rescheduled and held before this court on July 21, 2010.[21]

**CONTEMPT AUTHORITY OF MAGISTRATE JUDGE**

28 U.S.C. § 636(e) provides magistrate judges with contempt authority under certain specified circumstances. *See* 28 U.S.C. § 636(e). However, in cases proceeding under 28 U.S.C. § 636(a) or (b), like the instant case, a magistrate judge does not have contempt authority over conduct constituting civil contempt. *See id*. § 636(e)(6)(B)(iii). Under those circumstances, the statute indicates that

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

*Id*. § 636(e)(6).

> In connection with certifying the facts to the district judge, "the magistrate judge may conduct a hearing, but the magistrate judge functions only to certify the facts and not to issue any order of contempt." *Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (internal citations and quotations omitted). This initial show cause order and hearing merely provide the respondents with an opportunity to explain their conduct prior

---

[20] *See id*.

[21] *See id*.; docket no. 186.

4

> to the matter being certified to the district judge for a contempt
> hearing. In addition: "If the [magistrate judge] finds [the
> respondents'] explanation to be satisfactory, [he] may choose not
> to certify the matter for further proceedings. If this result occurs,
> the [magistrate judge's] preliminary show cause hearing will have
> been an efficient means of disposing of the matter. On the other
> hand, should the [magistrate judge] not be satisfied with [the
> respondents'] explanation, [he] cannot adjudicate the matter
> [himself], but must follow the certification process of § 636(e)." In
> re Kitterman, 696 F. Supp. 1366, 1370 (D. Nev. 1988).

*Big O Tires, LLC v. D&T Auto Sales & Serv., Inc.*, No. 09-cv-01509-MSK-BNB, 2010 U.S. Dist. LEXIS 38481, at *5-6 (D. Colo. Jan. 8, 2010) (alterations in original).

## ANALYSIS

At the July 21, 2010 hearing, the court asked for responses from both Plaintiff and his counsel concerning his failure to appear for the bench trial, his failure to either respond to the order to show cause or appear at the hearing on the order to show cause, and his filing of three new small claims cases against the Bank. After hearing their explanations and arguments, the court concluded that it would recommend that this matter not be certified for further contempt proceedings.[22] *See id*. Accordingly, the court recalled and withdrew the previously issued bench warrant for Plaintiff's arrest.[23]

At the same time, after hearing the explanations provided by Plaintiff and his counsel concerning the three new small claims cases Plaintiff had filed against the Bank, the court concluded that Plaintiff had taken an overly narrow and technical view of the injunctive relief

---

[22] *See* docket no. 187.

[23] *See id*.; docket no. 188.

5

granted in the March 18, 2009 order.  Consequently, the court determined that it would recommend expansion of the injunctive relief granted by Judge Waddoups in the March 18, 2009 order.

The court concludes that Plaintiff's filing of three new small claims cases against the Bank constitutes further abuse of the court system.  Accordingly, the court recommends that the injunctive relief granted in the March 18, 2009 order be expanded.  The court recommends that Plaintiff be required to obtain prior approval from the court for any and all future lawsuits he wishes to file against the Bank or its employees, agents, and counsel, regardless of the date of the lawsuit, the date of the actions underlying the lawsuit, or the causes of action contained within the lawsuit.  The court has determined that such a requirement is necessary to prevent Plaintiff from engaging in any further abuse of the court system with respect to his initial dispute with the Bank.

## RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that this matter not be certified for further contempt proceedings against Plaintiff.  **IT IS FURTHER RECOMMENDED** that Plaintiff be required to obtain prior approval from the court for any and all future lawsuits he wishes to file against the Bank or its employees, agents, and counsel, regardless of the date of the lawsuit, the date of the actions underlying the lawsuit, or the causes of action contained within the lawsuit.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties

must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 4th day of August, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge